IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| LINDA DANIELS, | § | |
| | § | |
|     Plaintiff, | § | Civil Action |
| | § | No. C-06-517 |
| v. | § | |
| | § | |
| CONTRACT LAND STAFF, | § | |
| INC., et al., | § | |
| | § | |
|     Defendants. | § | |

**ORDER OF REMAND**

On this day came on to be considered Plaintiff Linda Daniels' motion to remand this case back to state court (D.E. 17, 18).  For the reasons set forth below, Plaintiff's motion to remand is GRANTED, and the Court hereby REMANDS this action pursuant to 28 U.S.C. § 1447(c) to the 319th Judicial District Court of Nueces County, Texas, where it was originally filed and assigned Cause Number 06-5969-G.

I.  **Factual Background**

Plaintiff was married to Alfred Daniels, who died on April 8, 2006.  (Plaintiff's Original Petition ("Original Petition") (Exh. A-2 to Notice of Removal), ¶ VI).  Prior to and at the time of his death, Mr. Daniels was an employee of Contract Land Staff (now known as Leftwich Management, Inc.) (hereinafter, "Leftwich") and Administaff, Inc. ("Administaff").[1]  (Id.).  Plaintiff claims that

---

[1]Per Plaintiff's Original Petition, Plaintiff is a Texas resident, Leftwich is a Texas resident, and Administaff is a "foreign corporation authorized to transact business in the State of Texas."  (Id. at ¶ 2).  Of note, Administaff claims that the

in September, 2005, Mr. Daniels received information from Leftwich informing him of the following: (1) he would be receiving a packet of information from Administaff regarding insurance coverage; (2) that he had until October 1, 2005 to make changes to the insurance coverage benefits that were available to him as an employee of Leftwich and/or Administaff; and (3) that if he wished to make changes to his coverage, he should inform Administaff employee Elizabeth Lloyd by email or facsimile by October 1, 2005.  (Id.). Plaintiff claims that on September 30, 2005, a "Voluntary Insurance Application" was faxed to Ms. Lloyd, "wherein Mr. Daniels elected to participate in the Voluntary Group Universal Life Insurance program available to him as an employee of Contract and Administaff through CIGNA."  (Id.).

After Mr. Daniels died on April 8, 2006, Plaintiff claims that she contacted Ms. Lloyd to inform her of Mr. Daniels' death. (Id.).  Plaintiff says that Ms. Lloyd indicated that she would file the appropriate claims on the life insurance policy with CIGNA. (Id.).  Plaintiff claims that CIGNA eventually advised her that

---

entity that actually had an employment relationship with Mr. Daniels was "Administaff Companies II."  (D.E. 29, Administaff Response, ¶¶ 16-19).  The Court determines that the issue of the correct name of the Defendant is not outcome determinative as to Plaintiff's remand motion.  Accordingly, for ease of reference, the Court refers to the Defendant as "Administaff," but notes Administaff's issue with the manner in which Plaintiff named the Defendant in her Amended Complaint.

they did not have a policy insuring Mr. Daniels' life.[2]   (<u>Id.</u>).
Plaintiff accordingly contacted Ms. Lloyd, and Plaintiff claims
that Ms. Lloyd said that she remembered receiving the faxed
documents re: Mr. Daniels' policy. (<u>Id.</u>).  Plaintiff says that Ms.
Lloyd said that she would check with CIGNA to see why CIGNA claimed
that it did not have a life insurance policy for Mr. Daniels.
(<u>Id.</u>).  Plaintiff makes no reference to further communications with
Ms. Lloyd.[3]   (<u>Id.</u>).

## II. <u>Procedural Background</u>

On October 30, 2006, Plaintiff filed her Original Petition in
state court against Defendants Leftwich, Administaff and
Connecticut General Life Insurance Co. (CIGNA).  In her Original
Petition, Plaintiff did not specify the causes of action she
brought against the Defendants.  Rather, Plaintiff's Original
Petition states that "[t]he facts set forth [in the Petition] give
rise to numerous causes of action, including but not limited to
violations of the Texas Deceptive Trade Practices Act and the ERISA

---

[2] In her Amended Complaint, Plaintiff adds that CIGNA "has
denied the existence of a policy, contending that the application
purportedly sent to it by [Administaff and Leftwich] was not
received by [CIGNA]." (D.E. 23, Amended Complaint, ¶ 10).

[3] In its response to Plaintiff's remand motion, Administaff
attaches an affidavit of Elizabeth Lloyd, whereby Ms. Lloyd
states that she did forward Mr. Daniels' life insurance
application to CIGNA.  (Lloyd Decl., ¶ 2).  This is not outcome
determinative as to Plaintiff's motion to remand, since
regardless of what Administaff claims at the present time,
Plaintiff is still suing Leftwich and Administaff for their
alleged failure to send the necessary paperwork to CIGNA.

statutes." (<u>Id.</u>). <u>See also</u> Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001, <u>et seq.</u> ("ERISA"); Texas Deceptive Trace Practices Act, Tex. Bus. & Comm. Code, section 17.41, <u>et. seq.</u>, ("DTPA").

Leftwich was served with Plaintiff's Original Petition on November 6, 2006, and Administaff was served on November 1, 2006. (Exh. A-1, Notice of Removal). CIGNA was never served with Plaintiff's Original Petition. (Notice of Removal, ¶ 14). On November 22, 2006, Administaff removed the case on federal question jurisdiction grounds. (D.E. 1). Administaff's notice of removal was struck on November 28, 2006, for a technical defect. (D.E. 4). Administaff re-filed its notice of removal on November 29, 2006. (D.E. 5).

Also on November 29, 2006, Plaintiff filed her First Amended Original Petition in state court, whereby she dismissed CIGNA as a Defendant and dismissed all of her ERISA claims against the remaining Defendants. (D.E. 19, Exh. B, Plaintiff's state court First Amended Original Petition). Plaintiff's only remaining claims in the First Amended Original Petition she filed in state court were for negligence and violations of the Texas DTPA. (<u>Id.</u>). However, when Plaintiff filed her First Amended Original Petition in state court, this case had already been removed again to this Court.[4]

---

[4]The file stamp on Plaintiff's state court First Amended Original Petition shows that the document was filed at 4:16 p.m.

As a result of the procedural issues referenced above, this Court held a telephone conference regarding this case on December 27, 2006.  At the conference, the Court granted Plaintiff's oral motion to dismiss CIGNA as a Defendant in the case, and the Court also granted Plaintiff's oral motion to dismiss the claims she brought against the Defendants pursuant to ERISA.  (D.E. 21).  On December 29, 2006, Plaintiff filed her First Amended Original Petition in this Court ("Amended Complaint") against Leftwich and Administaff.  (D.E. 23).  In her Amended Complaint, Plaintiff's only claims are for Texas state law negligence and violations of the Texas DTPA.  (Id. at ¶¶ 11-12).

On December 21, 2006, Plaintiff filed a motion to remand this case back to state court.  (D.E. 17, 18).  Leftwich responded to Plaintiff's remand motion on January 8, 2007 (D.E. 24, 25), and Administaff responded on January 10, 2007 (D.E. 29).[5]

_____

on December 29, 2006.  (Id. at p. 1).  Administaff's Amended Notice of Removal was filed in this Court at 2:50 p.m. on December 29, 2006.  (D.E 19, Exh. A, Notice of Electronic Filing).  Accordingly, this case had already been removed when Plaintiff filed her state court First Amended Original Petition.

[5]At the December 27, 2006 telephone conference, the Court set a briefing schedule whereby the parties could brief the issue of whether Plaintiff's state law claims are completely preempted by ERISA.  (D.E. 21).  Defendants' briefs in support of complete ERISA preemption, and therefore federal jurisdiction, were due on January 10, 2007.  (Id.).  Administaff filed its brief in support of federal jurisdiction on January 10, 2007, arguing that Plaintiff's state law claims are completely preempted by ERISA.  (D.E. 29).  Leftwich did not file a brief in support of complete ERISA preemption of Plaintiff's state law claims.  Rather, on January 8, 2007, Leftwich filed its brief in opposition to Plaintiff's motion to remand, claiming that the Court should deny

## III. Discussion

### A. General Removal Principles

A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction. See 28 U.S.C. § 1441(a). A court, however, "must presume that a suit lies outside its limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." Howery v. Allstate Ins. Co., 243 F.3d 912, 916 (5th Cir. 2001); see also Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). In evaluating the propriety of a removal, "[a]ny ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." Manguno, 276 F.3d at 723; see also Acuna v. Brown & Root, Inc., 200 F.3d 335, 339 (5th Cir. 2000) ("doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction"); Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941).

### B. ERISA Preemption

#### 1. Well-Pleaded Complaint Rule

A federal district court has subject matter jurisdiction over

remand because Plaintiff's state law claims "relate to" an ERISA plan. (D.E. 24, 25). As set forth below, when a Plaintiff's state law claims "relate to" an ERISA plan, this is ERISA "conflict preemption," which does not provide for federal jurisdiction over a Plaintiff's state law claims. See Vega v. Nat'l Life Ins. Servs., Inc., 188 F.3d 287, 291 n. 3 (5th Cir. 1999).

"all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Generally, the determination of whether a court has federal question jurisdiction is resolved by application of the "well-pleaded complaint" rule. Merrell Dow Pharms. v. Thompson, 478 U.S. 804, 808 (1986); Hart v. Bayer Corp., 199 F.3d 239, 243 (5th Cir. 2000). This rule "provides that the plaintiff's properly pleaded complaint governs the jurisdictional inquiry. If, on its face, the plaintiff's complaint raises no issue of federal law, federal question jurisdiction is lacking." Hart, 199 F.3d at 243 (citing Franchise Tax Bd. v. Laborers Vacation Trust, 463 U.S. 1, 10 (1983)). "The plaintiff is thus the master of her complaint." Carpenter, 44 F.3d at 366. Where a plaintiff has a choice between federal and state law claims, he "may elect to proceed in state court on the exclusive basis of state law, thus defeating the defendant's opportunity to remove, but taking the risk that his federal claims will one day be precluded." Id.

A defendant cannot establish federal question jurisdiction merely by showing that federal law will "apply" to a case or that there is a "federal issue" in the plaintiff's state law causes of action. Id.; see also Thompson, 478 U.S. at 813. Similarly, it is insufficient for a defendant to show that there is a federal defense (including the defense of preemption) to a plaintiff's state law claims. See, e.g., Hoskins v. Bekins Van Lines, 343 F.3d

769, 772 (5th Cir. 2003); <u>Carpenter</u>, 44 F.3d at 366.

> **2.    ERISA "Complete Preemption"**

Under ERISA, "complete preemption" occurs where a state-law cause of action falls within the scope of a particular enforcement provision in ERISA § 502.  <u>See</u> 29 U.S.C. § 1132; <u>Arana v. Ochsner Health Plan</u>, 338 F.3d 433, 440 (5th Cir. 2003) (en banc).[6]  A state-law cause of action falls within the scope of an ERISA § 502 enforcement provision when a plan participant or beneficiary seeks to recover benefits due or to enforce rights under an ERISA plan. <u>See</u> <u>Transitional Hosps. Corp. v. Blue Cross and Blue Shield of Tex.</u>, 164 F.3d 952, 954 (5th Cir. 1999) (state-law claims for

---

[6]ERISA § 502 states as follows in relevant part: "A civil action may be brought (1) by a participant or beneficiary ... (B) to recover benefits due to him under the terms of his plan, or to clarify his rights to future benefits under the terms of the plan."  29 U.S.C. § 1132(a)(1)(B).

The rationale for complete preemption has been explained as follows:

> [T]he detailed provisions of § 502(a) [29 U.S.C. § 1132(a)] set forth a comprehensive civil enforcement scheme that represents a careful balancing of the need for prompt and fair claims settlement procedures against the public interest in encouraging the formation of employee benefit plans.  The policy choices reflected in the inclusion of certain remedies and the exclusion of others under the federal scheme would be completely undermined if ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA.

<u>Ingersoll-Rand Co. v. McClendon</u>, 498 U.S. 133, 144 (1990) (internal quotations omitted).

breach of fiduciary duty, negligence, equitable estoppel, breach of contract, and fraud are preempted by ERISA when the plaintiff seeks to recover benefits owed under the plan to a plan participant); Mem. Hosp. Sys. v. Northbrook Life Ins. Co., 904 F.2d 236, 245 (5th Cir. 1990).  When a plan participant or beneficiary sues to recover benefits or enforce rights under an ERISA plan, the plaintiff's state-law causes of action are completely preempted and recast as federal causes of action.  See Giles v. NYLCare Health Plans, Inc., 172 F.3d 332, 337 (5th Cir. 1999).  When there is complete preemption, federal question jurisdiction exists regardless of how the complaint is pleaded, and removal is proper.  See id.

### 3.    ERISA "Conflict Preemption"

There is a second type of preemption under ERISA, referred to as "conflict" or "ordinary" preemption.  See Bennett v. Life Ins. Co. of North Am., 398 F.Supp.2d 533, 538 (N.D. Tex. 2005). Conflict preemption applies when a state law claim falls outside the scope of ERISA § 502, but the claim is still preempted by ERISA § 514.  See Giles, 172 F.3d at 337.  ERISA § 514 states that ERISA's provisions "supersede any and all state common laws insofar as they relate to any employee benefit plan".  29 U.S.C. § 1144(a). Although ERISA § 514 conflict preemption has been broadly construed, the mere fact that an action "relates to" an ERISA plan does not recast a plaintiff's state-law claims as federal claims. See Giles, 172 F.3d at 337.  Rather, conflict preemption is

defensive in nature and, unlike complete preemption, does not displace the well-pleaded complaint rule. See id. ("Rather than transmogrifying a state cause of action into a federal one -- as occurs with complete preemption -- conflict preemption serves as a *defense* to a state action.") (emphasis in original). Further, "**[t]he presence of conflict-preemption does not establish federal question jurisdiction.** Id. (emphasis added); see also Vega, 188 F.3d at 291 n. 3.

C.   **Plaintiff's Texas DTPA and Negligence Claims are Not Completely Preempted by ERISA**

In Plaintiff's Amended Complaint, Plaintiff only asserts state law causes of action against Leftwich and Administaff. (D.E. 23, ¶¶ 11-12).[7]   The only way this Court would have federal question jurisdiction over this action would be if Plaintiff's state law claims were completely preempted by ERISA. See Giles, 172 F.3d at 337.

ERISA § 502 states that "[a] civil action may be brought (1) **by a participant or beneficiary** ... (B) to recover benefits due to him under the terms of his plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B) (emphasis added).   A claim brought by a plan "participant or "beneficiary ... to recover benefits ... under the terms of [a]

_____

[7]Plaintiff's only claims are for Texas state law negligence and violations of the Texas DTPA.  (Id.).

plan" or a claim "to enforce ... rights under the terms of [a] plan" is completely preempted under ERISA § 502.  <u>Arana</u>, 338 F.3d at 438.  However, in Plaintiff's Amended Complaint, Plaintiff is not suing as a plan participant or beneficiary seeking to recover benefits or to enforce rights under an ERISA plan.  Rather, Plaintiff is suing Leftwich and Administaff for their failure to mail in paperwork to establish a life insurance policy on Mr. Daniels. (Amended Complaint, ¶¶ 5-12).  Plaintiff is suing **because she claims that no policy was ever established,** she is not suing to enforce benefits as a plan participant or beneficiary of a non-existent policy.  (<u>Id.</u>).  In fact, in her Amended Complaint, Plaintiff specifically alleges that the insurer "denied the existence of a policy." (<u>Id.</u> at ¶ 10).  Moreover, Plaintiff is not suing the insurer (CIGNA) <u>at all</u>, let alone suing CIGNA seeking "to recover benefits due ... under the [plan's] terms ... or to clarify ... rights to future benefits under the terms of the plan."[8]  29 U.S.C. § 1132(a)(1)(B).  Rather, Plaintiff only seeks to sue

_____

[8]The Court notes Administaff's reliance on the Supreme Court case of <u>Aetna Health Inc. v. Davila</u>, 542 U.S. 200 (2004). (Administaff Response, ¶¶ 29-41).  Davila is wholly distinguishable from the instant case: in <u>Davila</u>, the Plaintiffs are a plan participant and plan beneficiary, suing their insurers over a denial of coverage for an extended hospital stay.  <u>See</u> <u>id.</u> at 204-05.  This is a clear ERISA preemption case, and it is in direct contrast with the instant litigation, where the insurer has denied the existence of a policy, Plaintiff is not suing the insurer, and Plaintiff is not suing for a denial of coverage, <u>because the gravamen of her Amended Complaint is that Defendants prevented Mr. Daniels' life from being insured in the first place</u>.

Leftwich and Administaff for their alleged role in preventing Mr. Daniels from becoming a participant in his employer sponsored life insurance program.  <u>At best</u>, these claims may arguably be classified as "relating to" an ERISA plan.[9]  However, this Court makes no decision on whether there is conflict preemption in this case pursuant to ERISA § 514.  This Court does, however, find that there is no complete preemption in this case under ERISA § 502. <u>See</u> 29 U.S.C. §§ 1132(a)(1)(B) and 1142(a); <u>see also</u> <u>Transitional Hosps. Corp.</u>, 164 F.3d at 954.  Where there is no ERISA complete preemption, Plaintiff's claims in her Amended Complaint are still "governed by the well-pleaded complaint rule." <u>Vega</u>, 188 F.3d at 291; <u>see also</u> <u>Giles</u>, 172 F.3d at 337 ("[w]hen the doctrine of complete preemption does not apply, but the plaintiff's state claim is arguably preempted under [ERISA] § 514(a), the district court, being without removal jurisdiction, cannot resolve the dispute regarding preemption. ***It lacks the power to do anything other than remand to the state court***") (emphasis added).  As the well-pleaded complaint rule governs and Plaintiff's Amended Complaint does not raise issues of federal law, this Court has no choice but to remand this case back to state court.

---

[9]This is what Defendant Leftwich argues in its response to Plaintiff's remand motion, that Plaintiff's Texas DTPA and negligence claims are preempted because they "relate to" an ERISA plan.  (D.E. 24, 25).  However, as noted above, ERISA conflict preemption does not transform state claims into federal claims for removal purposes.  <u>See</u> <u>Giles</u>, 172 F.3d at 337.

**IV.** __Conclusion__

For the reasons set forth above, this Court determines that it does not have jurisdiction over the above-styled action.  The case is hereby REMANDED pursuant to 28 U.S.C. § 1447(c) to the 319th Judicial District Court of Nueces County, Texas, where it was originally filed and assigned Cause Number 06-5969-G.

SIGNED and ENTERED this 12th day of January, 2007.

_____

Janis Graham Jack
United States District Judge